**STATE ex rel. SHEETS et al.**

**v.**

**FINCH et al.**

[Cite as *State ex rel. Sheets v. Finch* (1991), 74 Ohio App.3d 737.]

Court of Appeals of Ohio,
Lawrence County.

No. 1948.

Decided July 9, 1991.

738

*W. Mack Anderson*, for relators.

*James M. Waldo*, for respondents.

STEPHENSON, Presiding Judge.

The state of Ohio, by and through Kenneth Sheets, Don Murnahan, and Roy Jenkins, Jr., relators herein, filed a complaint in quo warranto in the Lawrence County Court of Appeals on February 13, 1990, wherein they averred the following. Hecla Water Association, Inc. ("Hecla") is a non-profit corporation organized pursuant to Ohio law for the purpose of providing water service to various residents of Lawrence County. Respondents Marshall Finch, George Collins, Sr., and Ray Huddle were seated as newly elected trustees of Hecla on January 25, 1990. Relators allege that the respondent trustees were improperly seated because the secretary of Hecla, respondent Ray Howard, refused to accept 1,256 proxies [1] filed on December 15, 1989, which if accepted would have given Sheets, Murnahan, and Jenkins sufficient votes to be elected as trustees of Hecla. The proxies were not accepted because they were not hand delivered by the persons signing them. Relators further assert, in Counts II and III of their complaint, that the six hundred seventy-eight proxies which resulted in the election of Finch, Collins, and Huddle were invalid and should not have been considered. Relators finally contend, in

---

1. In an affidavit attached to relators' motion for summary judgment, the affiant stated that 1,463 proxies were submitted but not accepted.

Count IV of their complaint, that respondents prevented certain members of Hecla from hand delivering proxies.

On May 22, 1990, relators filed a motion for summary judgment. Respondents filed a memorandum contra relators' motion for summary judgment on May 31, 1990 and on August 17, 1990 filed their own motion for summary judgment. Relators responded to respondents' motion on August 28, 1990. Both motions for summary judgment are limited to Count I of relators' complaint.

Before this court may grant summary judgment, we must determine that "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; *Van Fossen v. Babcock & Wilson Co.* (1988), 36 Ohio St.3d 100, 117, 522 N.E.2d 489, 504. After reviewing the facts herein, we conclude that respondents are entitled to summary judgment.

■ The principal issue posited for review is which version of the bylaw affecting voting by proxy is applicable. There are two such versions. In 1969, when Hecla was incorporated, Section 4, Article VII of the bylaws was written to provide, "All proxies shall be in writing and filed with the secretary." In 1984, the bylaw was amended to read as follows: "Each member who votes by proxy must file in person their proxy with the office of the secretary by 12:00 noon on December 15." Respondents maintain that the amended version of the bylaw requiring delivery of proxies in person is the applicable version. Relators, on the other hand, argue that the amendment to the bylaws was not valid and, therefore, the bylaw as originally drafted was the version in force.

Relators basically assert two reasons as to why they contend the amendment to the bylaw is invalid. First, relators state that the change was not legally made. Second, relators argue that the Farmer's Home Administration ("Fm.H.A.") never approved the amendment, the bylaws themselves requiring such approval before such an amendment becomes effective. We summarily dispense with relators' first argument since as an exhibit to respondents' memorandum contra relators' motion for summary judgment is a copy of the minutes from the August 15, 1984 Hecla members meeting wherein the following, *inter alia*, appears:

"By-laws were discussed by the board. A motion was made by Kenneth Sheets to accept the changes in the 3 by-laws as red lined in the attached copy

which are [Article VII,] section 4 and section 5–Article 8 section 6. Clyde Pinson seconded motion. Ayea [*sic*]–all. Nayes [*sic*]–none. Motion carried."

Under either party's motion for summary judgment, relators' argument must fail. With respect to relators' motion, they had the burden to show that the change was not legally made. They presented no such evidence and, therefore, failed to meet their initial burden. With respect to respondents' motion for summary judgment, they had the initial burden to refute relators' claim that the amendment to the bylaws was not validly adopted. Once respondents' satisfied their burden, relators had the duty to present rebuttal evidence. See Civ.R. 56(E); *Brown v. Fairmont Homes* (June 28, 1989), Highland App. No. 700, unreported, at 4, 1989 WL 74870. In the case *sub judice*, respondents provided the above portion of the minutes to prove that the bylaw amendment had been discussed and voted for. Since relators provided no rebuttal evidence, we hold that the amendment was valid.

■ Relators' second argument is dependent upon an interpretation of Article XIII of the bylaws which provides, in pertinent part, that the bylaws may not be amended so "as to effect a fundamental change in the policies of the corporation without prior approval of the Farmers Home Administration in writing." It is undisputed that Fm.H.A. never approved the amendment to Section 4, Article VII in writing.

We conclude that no approval was necessary with respect to the amendment of the bylaw concerning proxies because it did not "effect a fundamental change in the policies of the corporation." Our conclusion is based upon two factors. First, Hecla was incorporated to provide water service to certain residents of Lawrence County. The policies which would be subject to the provisions of Article XIII are those which in some way affect how water service is provided or how the corporation is set up. The bylaw in question only affected how a member could vote; it did not affect voting rights. Therefore, we conclude that is merely a procedural bylaw and had no effect on the policies of the corporation. Second, even if the right to vote by proxy is a policy subject to Article XIII, we do not believe that the amendment "effect[ed] a fundamental change" of that policy. The members had the right to vote by proxy before and after the amendment. The amendment merely set forth how the proxy had to be delivered. For the aforementioned reasons, no written approval from Fm.H.A. was necessary.

■ We finally note that even if approval was necessary, Fm.H.A. waived its right to refuse to approve the amendment. The amendment was enacted approximately five and one-half years prior to relators filing their suit herein. At no time during the period after the amendment was enacted and before

relators filed suit did Fm.H.A. object to that amendment. Since Fm.H.A. has continued to loan money to Hecla, it implicitly approved the amendments and, therefore, waived any objection to them. Accordingly, for the aforementioned reasons, the 1984 amendment to the bylaws requiring that proxies be delivered in person is the applicable version in the case at bar.

Because the bylaw as amended in 1984 was in effect at the time of the 1990 election, any proxies had to be hand delivered by the persons signing them. Since the proxies in question were not hand delivered, the secretary properly refused to accept them. Accordingly, respondents are entitled to summary judgment.

As a result of our granting summary judgment in favor of respondents, Count I of relator's complaint is dismissed. Further, for the reasons set forth, *supra*, relators' motion for summary judgment is denied. The cause is continued with respect to Counts II, III, and IV for further proceedings pursuant to the Rules of Civil Procedure and Rule 3 of the Local Rules of the Fourth Appellate District.

HARSHA, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent.

Respondents Marshall Finch, George Collins, Sr., and Ray Huddle were elected as trustees at the January 25, 1990 annual meeting. Respondent Ray Howard is the Secretary of Hecla. Howard, in his capacity as secretary, accepted six hundred eighty-seven proxies in favor of Finch, Collins and Huddle. Howard refused to accept proxies in favor of relators Sheets, Murnahan and Jenkins. The petition alleges 1256 proxies while the affidavit in support of relators' motion for summary judgment states there were 1463. The petition also alleges that the six hundred eighty-seven proxies in favor of respondents were invalid.

Howard refused to approve relators' proxies on the authority of Section 4, Article VII of Hecla's bylaws. As originally enacted this section provided, "All proxies shall be in writing and filed with the secretary." As amended this section reads, "Each member who votes by proxy must file in person their [*sic*] proxy with the office of the secretary by 12:00 noon on December 15." This is, in my opinion, a substantial change.

The requirement that proxies must be hand delivered has a disastrous effect on non-profit corporations such as we have here. Hecla, being a water company, serves a universal community of users. While some of the mem-

bers may be hale and hearty, others must be aged, infirmed, paraplegic, quadriplegic, or in some way confined to their beds or their homes. A member may be a man working two jobs, or a single mother raising a family by herself, or a student working full-time and going to school. Regardless of the particular situation of any member, all are equal in their need for a safe and adequate water supply and all are equal in their shareholder voting rights. Any attempt to disenfranchise them would be a substantial change.

The majority holds that the change in the bylaws do not effect "a fundamental change." I would hold that where a change in the bylaws on the right to vote by proxy which is used to disenfranchise two thirds of the shareholders, can only be characterized as a fundamental change.

I would grant summary judgment to relators, and thus I dissent.